14-502-cr
*United States v. Juan Jose Alvarez de Lugo Azpurua*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 18th day of March, two thousand fifteen.

Present:  ROBERT A. KATZMANN,
                      *Chief Judge*,
              JOHN M. WALKER, JR.,
              DENNY CHIN,
                      *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

            *Appellee*,

            v.                                                    No. 14-502-cr

JUAN JOSE ALVAREZ DE LUGO AZPURUA,

            *Defendant-Appellant*.

_____

For Appellee:                     Michael S. McGarry and Sandra S. Glover, Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

For Defendant-Appellant:   Tracy Hayes, Assistant Federal Defender, *for* Terence S. Ward, Federal Defender for the District of Connecticut, Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Eginton, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Juan Jose Alvarez de Lugo Azpurua appeals from a judgment entered on February 4, 2014, by the United States District Court for the District of Connecticut (Eginton, *J.*), which sentenced him to 48 months' imprisonment on one count of wire fraud in violation of 18 U.S.C. § 1343. On appeal, the defendant argues that his within-Guidelines sentence was substantively unreasonable because: (1) he is a first time offender who led "an exemplary life" prior to the commission of this crime, and (2) that the district court and the government unconsciously ratified that the maximum justifiable sentence was 41 months' imprisonment (the bottom of the Guideline range). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

While there is no presumption that a within-Guidelines sentence is substantively reasonable, we have held that a sentence is substantively unreasonable "only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). We review substantive reasonableness under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Under this deferential standard, we find neither of the defendant's arguments convincing. First, while it is true that the defendant is a first-time offender at age forty-six and prior to the commission of this crime he lived a successful and law-abiding life, those facts alone do not compel a low-end or below-Guidelines sentence. To the contrary, we are satisfied that the district court took these factors into account and balanced them against the serious damage that the

defendant's Ponzi scheme caused to the twenty-eight investors whom he defrauded out of more than $2 million. This conclusion is bolstered by the fact that the court began with a relatively low within-Guidelines sentence, in part, based on the defendant's lack of criminal history. We therefore cannot conclude that this within-Guidelines sentence is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law."*United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Second, despite the district court's statement during the plea colloquy that "[y]ou can be assured I won't exceed the 41 months," J.A. 74, we cannot conclude that the sentence was substantively unreasonable based on the totality of the circumstances. The district court's comments, while perhaps imprecise, did not constitute an implicit ratification that 41 months' imprisonment was the maximum reasonable sentence. To the contrary, the other comments at the plea colloquy by the judge, the defendant's defense attorney, and the prosecutor made clear that 41 months' imprisonment was at the low end of the Guidelines range as calculated at the time the plea was taken. The text of the plea agreement signed by the defendant also makes clear that he was aware that the maximum sentence for the wire fraud count was twenty years, and that the district court would fashion a sentence after considering the 18 U.S.C. § 3553(a) factors. Finally, this is a challenge to the substantive reasonableness of the sentence and not the procedural reasonableness thereof. As the defendant concedes, "Judge Eginton would not have been doing his duty if he had settled on a sentence early on and not considered in full all of the information presented by the parties. He did his job, but the defendant respectfully suggests that the answer he arrived at was simply too harsh."Appellant's Br. 14. We agree that the district court did its job, but for the reasons discussed above, cannot conclude that the conclusion that it reached was too harsh.

We have considered the defendant's remaining arguments and find that they lack merit.

For the reasons given, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK